O

1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   **GARY FRANCIS FISHER,**            )   **NO. CV 14-04494-VBF-MAN**
                                          )
12              **Petitioner,**           )   **OPINION AND ORDER**
                                          )
13                                        )   Dismissing Habeas Petition without Prejudice due to
          v.                              )   Petitioner's Failure to Name a Proper Respondent,
14                                        )   Failure to Establish Exhaustion of State-Court
                                          )   Remedies, and Failure to Satisfy the "In Custody"
15   VENTURA COUNTY SHERIFFS              )   Requirement
     NARCOTICS AGENCY,                    )
16                                        )   Advising Petitioner that Monetary Damages are Not
                Respondent.               )   Available in Federal Habeas Corpus
17                                        )
     _____    Denying a Certificate of Appealability ("COA")
18

19          Proceeding *pro se*, California state prisoner Gary Fisher ("petitioner") filed a petition for habeas

20   corpus relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of

21   California ("the Northern District") on June 2, 2014.[1]  On June 6, 2014, the Northern District transferred the

22          [1]The petition states that it is brought pursuant to the "Ku Klux Klan Act of 1871" and 28 U.S.C. §
23   1343(a)(3) and (4), but neither statute serves as a basis for federal habeas jurisdiction.

24          Rather, section 1343(a)(3) gives district courts original jurisdiction over any civil action "[t]o redress
     the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right,
25   privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing
     for equal rights of citizens or of all persons within the jurisdiction of the United States."  For its part, section
26   1343(a)(4) gives district courts original jurisdiction over any civil action "[t]o recover damages or secure
     equitable or other relief under any Act of congress providing for the protection of civil rights, including the
27   right to vote." *See, e.g., Davis v. Page*, 714 F.2d 512, 514 (11th Cir. 1983) ("Count II was based on 42
     U.S.C. § 1983 . . . .  The district court took jurisdiction of Count II pursuant to 28 U.S.C. § 1343 (a)(3) and
28   (4) . . . .  Consequently, this appeal does not involve habeas jurisdiction . . . .").

1  petition to this district.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District

2  Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly

3  appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

4  court."  First, it plainly appears that the Court lacks jurisdiction over this petition, because, as the petition

5  is currently written, petitioner has not provided allegations sufficient to establish the AEDPA requirement

6  that he be "in custody."  Second, the petition does not establish that petitioner exhausted his state-court

7  remedies with regard to each of his claims.  Third, the petition fails to name a proper respondent.  Each of

8  these provides an independent basis for dismissing the petition without prejudice.  Finally, the petition seeks

9  monetary damages, which are not an available remedy on federal habeas review.

10  Therefore, the Court will not require the respondent to file an answer or dispositive motion in

11  response to the habeas petition at this juncture.[2]  Instead, the Court will dismiss the petition without

12  prejudice, deny a COA, and enter a separate judgment against petitioner.

13

14  **ANALYSIS**

15  **The Petition suffers from at least four readily apparent jurisdictional and substantive defects.**

16  **First,** pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in U.S. District Courts, a state

17  —————————————————

18  It is instead 28 U.S.C. § 2241 which provides a general grant of habeas authority to federal courts

19  and 28 U.S.C. § 2254 which implements that general grant of authority for persons in custody pursuant to a state-court conviction.  *See White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004).

20  As Petitioner is in state custody and seeks to challenge a state court conviction, 28 U.S.C. section

21  2254 provides the only basis for such a challenge.  *See id.* at 1007-10 (holding that "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction").  "Section 2254 contains no language

22  comparable to that in section 2255 which could be construed as providing an 'escape hatch' for habeas

23  review through section 2241."  *Forde*, 2008 WL 2064779 at *2.

24  As a result, petitioner's attempted attack on his prior conviction is subject to the requirements and limitations that govern section 2254 actions.  *See id.* at 1007 ("'when a [state] prisoner begins in the district

25  court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case'") (citation omitted); *Smarted v. Avery*, 411 F.2d 408, 409 (6th Cir. 1969) (28 U.S.C. § 1343

26  "cannot be used by a state prisoner to circumvent the" exhaustion requirement of 28 U.S.C. § 2254).

27  [2]*Accord Morris v. Toole*, 2011 WL 6755826, *1 (N.D. Ga. Nov. 30, 2011) ("Under Rule 4, courts must screen and dismiss a habeas petition *prior to any answer or other pleading* when the petition 'appears legally insufficient on its face.'") (quoting *McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568 (2004)),

28  *R&R adopted*, 2011 WL 6755824 (N.D. Ga. Dec. 22, 2011).

1  prisoner seeking federal habeas relief must name as respondent the person having custody of him.  *See*

2  *Magwood v. Patterson*, 561 U.S. 320, 333, 130 S. Ct. 2788, 2797 (2010) (referring to § 2254's "requirement

3  of custody pursuant to a state-court judgment") (emphasis omitted).  As the Supreme Court has explained,

4

5       The federal habeas statute straightforwardly provides that the proper respondent to a habeas
        petition is "the person who has custody over [the petitioner]."   28 U.S.C. § 2242; *see also*

6       [28 U.S.C.] § 2243 ("The writ, or order to show cause, shall be directed to the person having

7       custody of the person detained.").   The consistent use of the definite article ["the"] in
        reference to the custodian indicates that there is generally only one proper respondent to a

8       given prisoner's habeas petition.  This custodian, moreover, is "the person" with the ability

9       to produce the prisoner's body before the habeas court. * * *

10

11      In accord with the statutory language . . . , longstanding practice confirms that in habeas
        challenges to present physical confinement – "core challenges" – the default rule is that the

12      proper respondent is the warden of the facility where the prisoner is being held, not the

13      Attorney General or some other remote supervisory official.

14

15 *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 2717-18 (2004); *see, e.g., Ellis v. Hill*, 2014

16 WL 1910815, *1 n.1 (E.D. Cal. May 13, 2014) ("The correct respondent is the warden of Folsom State

17 Prison, where petitioner is presently incarcerated.").  Petitioner is incarcerated in a California state prison

18 pursuant to a Kern County Superior Court conviction which he sustained in February 2012.  (Pet. at 2.)

19      The petition, however, names as respondent the Ventura County Sheriffs Narcotics Agency, an entity

20 that, if it exists, does not have custody of petitioner.  That alone is a basis for dismissing the habeas petition

21 without prejudice, i.e., with leave to amend.  *See, e.g., Dotson v. Perez*, 2014 WL 2452901, *1 (C.D. Cal.

22 June 2, 2014) (John McDermott, M.J.) ("Respondent filed a Motion To Dismiss the Petition on the ground

23 that Petitioner failed to name a proper respondent.  The District Judge issued an order granting the motion

24 to dismiss and dismissing the Petition with leave to amend . . . ."); *Tillman v. Board of Parole Hearings*,

25 2014 WL 1347408, *3 (E.D. Cal. Apr. 4, 2014) ("Petitioner has named the Board of Parole Hearings . . . .

26 The BPH is not the proper respondent.  Instead, petitioner must name as respondent the warden of the prison

27 where he is incarcerated.  Therefore, the amended petition will be dismissed with leave to amend.").

28

1  **The second facial defect of this purported habeas petition is that it seeks relief that is not**

2  **cognizable in a section 2254 habeas action, namely, monetary damages.**  (Pet. at 34.)  "[T]he essence

3  of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional

4  function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 493, 93

5  S. Ct. 1827, 1833 (1973).  "The power of a federal habeas court 'lies to enforce the right of personal liberty'

6  [and] . . . [a]s such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'"  *Douglas*

7  *v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) (citation omitted).  As the Supreme Court has explained,

8      If a state prisoner is seeking damages, he is attacking something other than the fact or length

       of his confinement, and he is seeking something other than immediate or more speedy release

9      - the traditional purpose of habeas corpus.  In the case of a damages claim, habeas corpus is

10     not an appropriate or available federal remedy.

11

12  *Preiser*, 411 U.S. at 493, 93 S. Ct. at 1838; *see also Nelson v. Campbell*, 541 U.S. 637, 646, 124 S. Ct. 2117

13  (2004) ("[D]amages are not an available habeas remedy . . . ."); *Muhammad v. Close*, 540 U.S. 749, 751,

14  124 S. Ct. 1303, 1304 (2004) (referring to "relief unavailable in habeas, notably damages").

15     If petitioner is not challenging the fact or length of his present confinement and instead is seeking

16  damages, then, this action is not one that can be considered on federal habeas review.  *Accord Duncan v.*

17  *Greystone Park Psych. Hosp.*, 2014 WL 2472144, *3 (D.N.J. May 29, 2014) ("To the extent that Ms.

18  Duncan seeks damages in this habeas petition, this Court will dismiss the claim for lack of jurisdiction.")

19  (citing *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (since "[f]ederal habeas power is limited

20  . . . to a determination of whether there has been an improper detention by virtue of the state-court

21  judgment", any claim for damages must be brought in a separate, non-habeas action)).

22

23     **The third facial defect of this habeas petition is that all of its claims may be unexhausted.**

24  "'Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies

25  in state court.  In other words, the state prisoner must give the state courts an opportunity to act on his claims

26  before he presents them to a federal court in a habeas petition.'"  *Avila v. Superior Ct. of Calif.*, 2014 WL

27  1512191, *1 (C.D. Cal. Apr. 15, 2014) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728

28

1    (1999)).  As in pre-AEDPA habeas practice,[3] a petitioner who seeks to challenge the lawfulness of his state-

2    court conviction or sentence under AEDPA bears the burden of affirmatively demonstrating that he has

3    exhausted his state-court remedies.  *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981); *accord*

4    *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000) ("The habeas petitioner carries the burden of proving

5    exhaustion of all available state remedies.") (citation omitted)); *Barresi v. Maloney*, 296 F.3d 48, 51 (1st

6    Cir. 2002) ("The petitioner bears the heavy burden of demonstrating satisfaction of the exhaustion

7    requirement.") (citation omitted); *see, e.g., Morales v. Long*, 2013 WL 8291412, *1 (C.D. Cal. Dec. 23,

8    2013) ("[T]he petition is subject to dismissal without prejudice because petitioner has failed to carry *his*

9    *burden of proving that he exhausted state-court remedies*.") (emphasis added).  A petitioner satisfies the

10   exhaustion requirement if he "fairly presents" his federal claims to the state's highest court.  *See Duncan*

11   *v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887 (1995) (per curiam).

12        The state prisoner must show that his prior filing in the state supreme court described both the

13   operative facts and the federal legal theory underlying his claim.  *See Duncan*, 513 U.S. at 365-66.  "As the

14   Supreme Court has put it, 'for purposes of exhausting state remedies, a claim for relief in habeas corpus

15   must include reference to a specific federal constitutional guarantee.'" *Jenkins v. Biter*, 2014 WL 1352247,

16   *2 (C.D. Cal. Mar. 31, 2014) (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).  The federal claim

17

18   _____

19        [3]In *Darr v. Burford*, 339 U.S. 200, 70 S. Ct. 587 (1950), the Supreme Court held as follows:

20        A conviction after public trial in a state court by verdict or plea of guilty places the burden
         on the accuse to allege and prove primary facts, not inferences, that show, notwithstanding
21       the strong presumption of constitutional regularity in state judicial proceedings, that in his
         prosecution the state so departed from constitutional requirements as to justify a federal
22       court's intervention to protect the rights of the accused. [n. 46]  *In re Cuddy*, 131 U.S. 280,
         9 S. Ct. 703 . . . ; *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S. Ct. 1019 . . . ; *Walker v.*
23       *Johnston*, 312 U.S. 275, 286, 61 S. Ct. 574 . . . ; *Hawk v. Olson*, 326 U.S. 271, 279, 66 S. Ct.
         116, 120 . . . .
24
         The petitioner has the burden also of showing that other available remedies have been
25       exhausted or that circumstances of peculiar urgency exist.

26   *Darr*, 339 U.S. at 218-19, 70 S. Ct. at 597-98 (*cited by Elkins v. Foulkes*, 2014 WL 2615732, *11 (C.D. Cal.
     June 12, 2014)), overruled o.g. by *Fay v. Noia*, 372 U.S. 391, 83 S. Ct. 822 (1963).  *Accord Williams v.*
27   *Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) ("We affirm on the ground that Williams has failed to satisfy
     his burden of establishing that he has exhausted state remedies in respect to [sic] the issues presented to the
28   District Court.") (citing *Schiers v. California*, 333 F.2d 173 (9th Cir. 1964)).

is fairly presented to the state court if it was raised in the petition itself, in an accompanying brief, or in some other similar document.  *See Gentry v. Sinclair*, 705 F.3d 884, 897-98 (9th Cir.) (citing *Baldwin v. Reese*, 541 U.S. 27, 32 (2004)), *cert. denied*, – U.S. –, 134 S. Ct. 102, *reh'g denied*, – U.S. –, 134 S. Ct. 726 (2013).

"A petitioner cannot exhaust the federal version of a claim merely by demonstrating that the state-law claim he presented to the state supreme court was similar to the federal claim." *Jenkins*, 2014 WL 1352247 at \*3 (citing *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of federal and state error [sic] is insufficient to establish exhaustion.") (citing *Duncan*, 513 U.S. at 366)). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citing *Gray*, 518 U.S. at 162-63); *see, e.g., Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005) ("Finally, at the end of his argument, Castillo claimed that '[b]ecause this improper evidence was admitted, Appellant was denied a fair trial in violation of the United States and the Arizona Constitutions.'  That general appeal to a 'fair trial' right, however, failed to exhaust Castillo's claim.  It did not reference, as we require, any specific provision of the U.S. Constitution . . . .") (citing *Hiivala*, 195 F.3d at 1106, and *Lyons*, 232 F.3d at 670).

On the other hand, a petitioner need not show that he cited the same federal authorities in his state supreme court filings as he has cited in his subsequent federal habeas petition.  *See MacFarlane v. Walter*, 179 F.3d 1131, 1138 (9th Cir. 1999) ("'Exhaustion of remedies does not require that the state have had the opportunity to pass on the claim under the *particular authorities* advanced in the federal habeas court.'") (quoting *Hudson v. Rushen*, 686 F.3d 826, 830 (9th Cir. 1982)), *vacated o.g. sub nom. Lehman v. MacFarlane*, 529 U.S. 1106, 120 S. Ct. 1959 (2000).  And, as a practical matter, "exhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the highest state court." *Greene v. Lambert*, 288 F.3d 1081, 1096 (9th Cir. 2002), *cited by Foote v. Del Papa*, 244 F. App'x 74, 77 (9th Cir. 2007).  Ultimately, "a state prisoner procedurally defaults federal claims if he fails to raise them as *federal* claims in state court . . . ." *McKinney v. Ryan*, 730 F.3d 903, 910 (9th Cir. 2013) (citing *Coleman v. Thompson*, 501 U.S. 722, 730-31, 111 S. Ct. 2546 (1991)) (emphasis added), *reh'g en banc granted o.g.*, No. 09-99018, – F.3d –, 2014 WL 1013859 (9th Cir. Mar. 12, 2014).

Under this standard, the petition as written does not enable this Court to conclude that petitioner has exhausted each of his claims.  The apparent lack of exhaustion supplies another independent basis for

6

1  dismissing this habeas petition without prejudice.

2

3       **The fourth facial defect in this habeas petition is as follows.**  To the extent the petition can be

4  construed as seeking permissible federal habeas relief, it indicates that petitioner is challenging the validity

5  of an October 1999 state-court conviction and sentence which he sustained in Ventura County Superior

6  Court Case No. CR 42447 ("the 1999 Conviction").  (Pet. at 3, 5, 50.)  Petitioner received a two-year

7  sentence pursuant to the 1999 Conviction (*id.* at 50), and he admits that he is not in custody pursuant to the

8  1999 Conviction (*id.* at 5).  Given that over fourteen and a half years have passed since this conviction was

9  sustained, it appears highly unlikely that the petition is timely.  *See* 28 U.S.C. § 2244(d)(1).  Indeed,

10  petitioner concedes that his habeas attack on the 1999 Conviction "is something I should [have] take[n] care

11  of legally years ago" and that the Conviction "should [have] legally been challenged some time ago."  (*Id.*

12  at 3-4.)  The Court, however, need not resolve the timeliness issue because there is a more fundamental

13  reason why the petition must be dismissed.

14       **To seek § 2254 relief, a prisoner must be "in custody" pursuant to a state-court judgment.**  *See*

15  28 U.S.C. § 2254(a).  Thus, for federal jurisdiction to exist over a § 2254 claim, the state prisoner must be

16  "in custody" "under the conviction or sentence under attack at the time his petition is filed."  *Maleng v.*

17  *Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925 (1989) (per curiam) (citing *Carafas v. LaVallee*, 391

18  U.S. 234, 238, 88 S. Ct. 1556, 1560 (1968)).  "This requirement is jurisdictional."  *Forde v. People of Calif.*,

19  2008 WL 2064779, *2 (C.D. Cal. May 12, 2008) (Klausner, J.) (citing *Maleng*, 490 U.S. at 490-91).

20       **This does not mean, however, that the petitioner must still be incarcerated in a prison or jail**

21  **to satisfy the requirement that he be "in custody" on the challenged conviction/sentence.**  Rather, if

22  at the time he filed the petition, the petitioner was *on parole or supervised release* imposed as part of the

23  sentence which he challenges in his federal habeas petition, he will be found to satisfy the "in custody"

24  requirement.  *See Goldyn v. Hayes*, 444 F.3d 1062, 1064 n.2 (9th Cir. 2006) (""[S]he remains in custody for

25  purposes of habeas jurisdiction while she is on parole.") (citing *Jones v. Cunningham*, 371 U.S. 236, 243,

26  83 S. Ct. 373 (1963)); *see also Ewing v. Superior Court of California*, 2013 WL 6080030, *2 (S.D. Cal.

27  Nov. 18, 2013) ("[T]he Supreme Court has held that an individual remains 'in custody' for purposes of

28  federal habeas relief while on parole or probation, and after release pending appeal, and the Ninth Circuit

1   has found that a petitioner is still 'in custody' for purposes of federal habeas review while attending a

2   mandatory alcohol rehabilitation program.") (citing, *inter alia*, *Hensley v. Municipal Court*, 411 U.S. 345,

3   348-49, 93 S. Ct. 1571 (1973) (release pending appeal) and *Dow v. Circuit Court of First Circuit through*

4   *Huddy*, 995 F.2d 922, 923 (9th Cir. 1993) (court-ordered alcohol rehab)).

5   Petitioner does not allege, however, that when he filed the instant petition just a few weeks ago, he

6   was still on probation, parole or the like imposed as part of the state court's 1999 Judgment of Conviction.

7   Nor does the sparse record before the Court in this case provide any reason to believe that petitioner is still

8   on probation or parole from the challenged conviction, because his term of imprisonment would have ended

9   no later than 2001, fully thirteen years before he filed this petition.

10

11   **At this juncture, the Court pauses to consider one possible exception to the apparent propriety**

12   **of dismissing this petition without prejudice for lack of jurisdiction.  The Court concludes, however,**

13   **that dismissal without prejudice for lack of jurisdiction is indeed appropriate.**  The Supreme Court and

14   our Circuit have noted that when a *pro se* prisoner's petition can be construed as asserting a challenge to his

15   present sentence *as enhanced by an allegedly unlawful sentence which expired sometime earlier*, then a court

16   should so construe it rather than dismissing the petition for lack of subject-matter jurisdiction.  *See Maleng*,

17   490 U.S. 488, 109 S. Ct. at 1927; *Allen v. State of Oregon*, 153 F.3d 1046, 1049-50 (9th Cir. 1998).  Here,

18   petitioner expressly states that he "only" challenges the 1999 Conviction.  The petition does not appear to

19   claim that the 1999 conviction was unlawful on the ground that the sentence on that conviction was

20   enhanced by virtue of an earlier conviction which itself was unlawful.  For petitioner's sake, the Court might

21   construe the petition as challenging the later sentence imposed upon petitioner for a separate conviction in

22   Kern County Superior Court in 2012 -- assuming *arguendo* that it was enhanced by the 1999 Conviction.

23   Even assuming that the sentence on the 2012 conviction was enhanced by the 1999 conviction,

24   however, the instant petition still must be dismissed.  In *Lackawanna County District Attorney v. Coss*, the

25   Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own

26   right because the defendant failed to pursue those remedies while they were available (or because the

27   defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . ." 532 U.S. 394,

28   403, 121 S. Ct. 1567, 1574 (2001) (citing *Daniels v. US*, 532 U.S. 374, 121 S. Ct. 1578 (2001))

("*Lackawanna*").  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.  *See Lackawanna*, 432 U.S. at 403-404, 121 S. Ct. at 1574.

**The Supreme Court recognized an exception to the *Lackawanna* bar when the state prisoner/supervisee shows that there was a failure to appoint counsel in connection with the earlier conviction.**  Put otherwise, a petitioner must prove that he was deprived of counsel in connection with his prior conviction, *i.e.,* that a violation of *Gideon v. Wainwright*, 83 S. Ct. 792 (1963), occurred.  *See Lackawanna*, 532 U.S. at 404, 121 S. Ct. at 1574.[4]  Petitioner, however, alleges that he was represented by counsel in connection with the trial that led to the 1999 Conviction and his related sentence.  (Pet. at 2.)

In short, Petitioner may not challenge the 1999 Conviction directly, because he does not meet the "in custody" requirement and subject-matter jurisdiction is lacking.  He also may not challenge the 1999 Conviction indirectly through an attack on the sentence imposed on him in Kern County in 2012, because the *Lackawanna* rule prohibits him from doing so.  These two defects are fundamental and not rectifiable.  Accordingly, as there is no record evidence that petitioner is still "in custody" pursuant to his 1999 Conviction – even on post-incarceration probation or supervised release – the Court lacks jurisdiction to consider the instant petition, and it must be dismissed without prejudice on this ground as well.

PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a COA, "an appeal may not be taken from a final decision of a district judge in a habeas

---

[4]A habeas petitioner cannot get around the *Lackawanna* bar by claiming merely that the attorney who represented him in the earlier proceeding rendered constitutionally ineffective assistance of counsel.  He must allege that he was completely unrepresented by counsel in the earlier proceeding.  "The only explicit exception to the *Lackawanna* bar is for '*Gideon*' claims, which require a total denial of the right to counsel." *Moore v. Chrones*, 687 F. Supp.2d 1005, 1045-46 (C.D. Cal. 2010) (Gutierrez, J.) ("As the record shows that Petitioner elected to represent himself, in *pro per*, in connection with his 1995 prior conviction and was represented by counsel in connection with his 1996 conviction.") (internal citations and nn. 33-35 omitted).

*See also Torres v. Long*, 2014 WL 2115204, *7 (C.D. Cal. May 21, 2014) (Abrams, M.J.) ("Here, none of the exceptions to the *Lackawanna* rule applies.  First, petitioner does not allege that he was deprived of counsel in connection with his 2001 conviction.  Rather, he only challenges the competency of his representation with respect to the prior plea.") (citing, *inter alia, Lackawanna*, 532 U.S. at 404).

1  corpus proceeding or a proceeding under 28 U.S.C. § 2255", *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017,

2  – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring), or from a district judge's final order in

3  a § 2254 proceeding,[5][6] and "'[t]he district court must issue or deny a [COA] when it enters a final order

4  adverse to the applicant'", *Cleveland v. Babeu*, 2013 WL 2417966, *3 (C.D. Cal. May 29, 2013) (quoting

5  Rule 11(a) of Rules Governing § 2254 Cases).  The court must consider each claim separately, *Mayfield v.*

6  *Woodford*, 270 F.3d 915, 922 (9th Cir. 2001) (citation omitted)), which means the court may grant a COA

7  on one claim and not on others.  *See, e.g., Brown v. Clark*, 2011 WL 2259130, *1 (C.D. Cal. June 6, 2011)

8  (granting COA Confrontation Clause claim but not others), *aff'd*, 477 F. App'x 430 (9th Cir. 2012).[7]

9          In practice,"[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL

10  4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir.

11  2007) (Hall, J., concurring in judgment)); *accord Ruiz v. US*, 2014 WL 1487742, *8 (E.D. Cal. Apr. 15,

12  2014) (Ishii, Sr. J.) ("The issuance of a COA is 'a rare step.'") (likewise quoting *Murden* concurrence).  A

13  COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether

14  the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473,

15  484 (2000).  "The Court is mindful that it 'must resolve doubts about the propriety of a COA in the

16  petitioner's favor', *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2012) (citing *Lambright v. Stewart*,

17  220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here.'" *Cornish v. Brazleton*, 2014

18  WL 1457768, *2 (C.D. Cal. Apr. 15, 2014).  Reasonable jurists would not find it debateable that this

19  purported habeas petition suffers from the facial deficiencies identified above.  Nor would reasonable jurists

20  find it debateable that each of those defects provides an adequate independent basis for dismissal without

21  prejudice of the petition.  As the petition is currently written, then, none of petitioner's claims is "adequate

22

23          [5]*See also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the
court of appeals") and R. 22-1(f) (appellees "need not respond to any uncertified issues").

24

25          [6]"There is an exception not applicable here:  'a COA is not required to appeal an order denying a
motion for federally appointed counsel.'" *Fisher v. Barrios*, 2014 WL 1512186, *4 n.8 (C.D. Cal. Apr. 15,
2014) (Fairbank, J.) (quoting *Harbison v. Bell*, 556 U.S. 180, 194, 129 S. Ct. 1481, 1491 (2009)).

26

27          [7]"The Court of Appeals may also grant a COA on claims for which the district court expressly
refused to grant a COA." *Harris v. US*, 2013 WL 8291426, *9 n.7 (C.D. Cal. Dec. 18, 2013) (citing *Sully
v. Ayers*, 725 F.3d 1057, 1067 (9th Cir. 2013), *cert. denied*, 82 U.S.L.W. 3695, – U.S. –, – S. Ct. –, 2014
28  WL 713384 (U.S. June 2, 2014) (No. 13-8821)).

1  to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383,

2  3385 n.4 (1983). The Court therefore will deny a certificate of appealability.[8]

3

4  <u>ORDER</u>

5  The 28 U.S.C. section 2254 petition for writ of habeas corpus **[Doc #1] is DISMISSED without**

6  **prejudice** due to petitioner's failure to establish exhaustion of state-court remedies, failure to satisfy

7  AEDPA's "in custody" requirement, failure to name a proper respondent, and request for relief which is

8  categorically unavailable in federal habeas corpus (namely, monetary damages).

9  The Court **DENIES** a certificate of appealability.

10  As required by Fed. R. Civ. P. 58(a)(1), the Court will enter judgment by separate document.[9]

11  Said judgment will be final, but it will not be appealable until and unless petitioner obtains a

12  certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.[10]

13

14  [8]"Although a litigant may ask a district court to reconsider its denial of a COA, *see, e.g., Ho v. Carey*, 332 F.3d 587, 590 (9th Cir. 2003), 'the denial of a COA is not in itself appealable' to the Court of Appeals."

15  *Romero*, CV No. 5:11-01426, slip op. at 3 n.3 (quoting *Cannan v. Hutchens*, 479 F. App'x 756 (9th Cir. 2012) (citing *Greenawalt v. Stewart*, 105 F.3d 1268, 1272 (9th Cir. 1997) (per curiam), *abrogation o.g.*

16  *recognized by Jackson v. Roe*, 425 F.3d 654, 658-61 (9th Cir. 2005))). *Accord Sims v. US*, 244 F.3d 509, 509 (6th Cir. 2011).

17

18  [9]*See Cox v. California*, 2013 WL 3755956, *2 n.2 (C.D. Cal. July 16, 2013) (citing, *inter alia*, *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013)). *Accord Rainey v. Lipari Foods, Inc.*, 546 F. App'x 583, 585 (7th Cir. 2013) ("Rule 58(a) generally requires that a judgment be set out in a separate document, . . .

19  .") (citing *Brown v. Fifth Third Bank*, 730 F.3d 698, 699 (7th Cir. 2013)); *Brown v. Recktenwald*, 550 F. App'x 96, 97 n.2 (3d Cir. 2013) (per curiam) ("The District Court did not comply with the separate order

20  rule set forth in Federal Rule of Civil Procedure 58(a).").

21  "'To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the

22  claims.'" *Elkins v. Foulkes*, 2014 WL 2615732, *14 n.4 (C.D. Cal. June 12, 2014) (Fairbank, J.) (quoting *Daley v. U.S. Attorney's Office*, 538 F. App'x 142, 143 (3d Cir. 2013) (per curiam) (citing *LeBoon v.*

23  *Lancaster Jewish Cmty. Ass'n*, 503 F.3d 217, 224 (3d Cir. Ctr. 2007))). Conversely, "[a] combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well

24  as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008); *see, e.g., Daley*, 538 F. App'x at 143 ("Here, the District Court's Memorandum Order

25  contained its reasoning for dismissing Daley's complaint and therefore did not comply with Rule 58.").

26  [10]*See Korn v. US*, 937 F. Supp.2d 1182, 1189 (C.D. Cal. 2013) (citing *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012)).

27  "Likewise, FED. R. APP. P. 22(b)(1) provides in pertinent part that 'if the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.'" *Elkins*, 2014 WL 2615732,

28  *14 n.5 (quoting Rule and citing *Silva v. Woodford*, 279 F.3d 825, 832 (9th Cir. 2002) ("[A]s an appellate

1

2   DATED:        June 18, 2014

3                                              _____
                                                    VALERIE BAKER FAIRBANK
4                                               UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28   court panel, we are empowered to issue a COA pursuant to Fed. R. App. P. 22(b)(1) and [28 U.S.C.] §
     2253(c)(1).")).

                                              12